UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG DUY NGUYEN | Case No. 2:25-cv-02020-DJC-CSK (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| Defendant. | |

On July 21, 2025, Plaintiff Tung Duy Nguyen, proceeding without the aid of counsel, filed a Complaint against Defendant U.S. Department of Homeland Security.[1] (ECF No. 1.) On December 22, 2025, the Court issued a minute order acknowledging that Defendant had not answered or otherwise responded to Plaintiff's Complaint after summons was returned executed on August 11, 2025. (ECF No. 7.) The minute order directed Plaintiff to advise the Court, in writing, within 14 days, as to whether service on the United States had been completed pursuant to Federal Rule of Civil Procedure 4(i). *Id*. If service had not been completed pursuant to Rule 4(i), then Plaintiff was directed to promptly complete service within 21 days of the order. *Id*.

---

[1]  This case is assigned to the undersigned pursuant to Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Plaintiff since made two filings since the Court's minute order: a filing titled "Motion to Continue," on January 5, 2026 and a "Notice re Civil liberties violation," filed on January 28, 2026. (ECF Nos. 8, 9.) Neither filing acknowledged the Court's minute order or informed the Court whether service was completed on the United States.

On March 19, 2026, the Court issued an Order to Show Cause ordering Plaintiff to file a response in writing as to why the action should not be dismissed for failure to prosecute. 3/19/2026 Order (ECF No. 10). Plaintiff replied to the Court's minute order on April 6, 2026, with a brief response drawing attention to the attached copy of the case's docket, but not explaining why the case should not be dismissed for failure to prosecute. (ECF No. 11 at 2.) Accordingly, the Court has found Plaintiff has failed to show good cause and recommends dismissal of this action for failure to prosecute.

## I.      LEGAL STANDARDS

### A.      Involuntary Dismissals under Rule 41(b)

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.    DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court issued a minute order on December 22, 2025 directing Plaintiff to either advise the Court whether service had been completed or complete service. (ECF No. 7.) Plaintiff failed to respond to the minute order or complete service. (*See* Docket.)

Then on March 19, 2026, the Court issued an Order to Show Cause to Plaintiff why this action should not be dismissed for failure to prosecute. 3/19/2026 Order. While Plaintiff submitted a written response to the Court's order, the response fails to demonstrate good cause why the case should not be dismissed for failure to prosecute. (ECF No. 11 at 2.) Accordingly, the Court has little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to

prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); *see also, e.g., Rowell v. Ewing Bros. Towing Co.*, 471 Fed. Appx. 597, 599 (9th Cir. 2012) ("The district court did not abuse its discretion in dismissing [plaintiff's] claims against [defendant] for failure to serve, because [plaintiff] did not show good cause for why he did not take steps to correct deficiencies in service once [defendant] notified him that it had not been properly served.").

## III.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's action be DISMISSED; and

2.     The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 30, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, nguy.2020.25.ftp fnr

4